# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 06-03132-01-CR-S-RED |
| GARY GROVES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence and Statements. The government has responded.

Defendant asserts that evidence seized as a result of a state search warrant executed on March 2, 2006, at his residence should be suppressed. He has also moved for suppression of any and all statements he made to law enforcement officers after the execution of the search warrant. It is his contention that the supporting affidavit was inadequate to establish probable cause for the issuance of the warrant and that the warrant did not describe with particularity the premises to be searched. He also asserts that, following the execution of the warrant, he was questioned and allegedly made incriminating statements, which should be suppressed based on the doctrine of the fruit of the poisonous tree.

The law is clear that "[t]o satisfy the particularity requirement [of the Fourth Amendment], the place to be searched must be 'described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort and to avoid mistakenly searching

the wrong premises." United States v. Thomas, 263 F.3d 805, 807 (8th Cir. 2001), quoting United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979). It is also clear that a legal description of the property to be searched is not required. United States v. Ellison, 793 F.2d 942, 947 (8th Cir. 1986). "Warrants are sufficient when they 'provide reasonable guidance to the exercise of informed discretion of the officer executing the warrant.'" Id. at 947 (internal citation omitted).

Having fully reviewed the evidence, the Court finds, initially, that defendant has failed to establish that the warrant for his residence did not satisfy the particularity requirement. See Thomas, 263 F.3d at 807. In this case, in describing the premises, there was an eleven-page exhibit attached to the application for the search warrant. The exhibit included a Quit Claim Deed, a beneficiary deed, and nine photographs of the premises to be searched. Because there is no question that the premises were described with sufficient particularly to allow the officer to locate the site to be searched with reasonable effort, the Court finds that defendant's assertions on this issue are without merit.

Regarding defendant's contention that the supporting affidavit was inadequate to establish probable cause for the issuance of the warrant, the law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched. United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted). In determining for suppression purposes the validity of a warrant, the court must determine whether there was a "substantial basis" for the probable cause

determination.  Gates, 462 U.S. at 238.

In this case, the investigating officer, Brett Campbell, stated in his search warrant application, that he had information that methamphetamine and cocaine were being kept at defendant's residence.  In support thereof, he submitted an affidavit to Associate Circuit Court Judge David Evans, from a named informant, Brandon Collins.  The affidavit stated that the informant had personal knowledge that defendant had sold methamphetamine recently because during the last few weeks he had been at defendant's residence, which he described as the residence of Gary and Michelle Groves.  He stated that it was a red, one-story wood frame house with a basement.  While he was there, defendant showed him a large quantity of cocaine that he kept in a dresser in the bedroom.  Mr. Collins further stated that during the last seven days, he was again at defendant's residence, and he saw an individual named Monica McCall selling methamphetamine to defendant.  After this occurred, the affiant then saw Michelle Groves go into the bathroom with the methamphetamine.  Mr. Collins signed the affidavit on March 2, 2006, which is the date the search warrant was issued.

Based on the information set forth in the affidavit, it is clear that there was probable cause to support the issuance of the search warrant.  The issuing judge relied on statements of a named informant, who related specific circumstances surrounding his observation of defendant with a large amount of cocaine in his residence within the last several weeks and buying methamphetamine from a named individual within the last seven days.  Mr. Collins' information was based on first-hand knowledge, it involved two instances of defendant being seen with controlled substances within the last few weeks, it provided a location where controlled substances were kept in the residence, and also provided the name of another individual who sold methamphetamine to defendant.  See United States v. Johnson, 709 F.2d 515, 516 (8th Cir. 1983).  The Court believes that the affidavit is

sufficiently detailed and contemporaneous to satisfy the probable cause requirement. The totality of the circumstances demonstrate that there were sufficient facts to support an objectively reasonable belief that probable cause existed to search defendant's residence.

Having fully reviewed the search warrant and affidavit in question, and the relevant case law, the Court finds that the affidavit contains sufficient information to support a finding of probable cause to conduct the search at defendant's residence, and that the attached documents describe the premises to be searched with sufficient particularity. Based on the totality of the circumstances, the Court finds that there was a substantial basis to support the issuing judge's probable cause determination to issue the search warrant.

Even assuming, however, that the warrant in this case was not based on probable cause and found to be defective, the Court finds that the good faith exception enunciated in United States v. Leon, 468 U.S. 897, 922-23 (1984), would apply. It is clear that Officer Campbell relied in good faith on what he believed to be a valid search warrant, which was reviewed and signed by a neutral magistrate. There is nothing to suggest that the affidavit was so lacking in indicia of probable cause that the Leon good faith exception should not apply. Based on the evidence before it, the Court finds that it was objectively reasonable for the officer to have believed that probable cause existed in this case.

The Court concludes that no Fourth Amendment right was violated in this case. It will therefore be recommended that the motion to suppress based on an alleged unlawful search be denied.

Because there is no basis for suppression of the evidence on the grounds of an invalid search

warrant, the fruit of the poisonous tree doctrine is not applicable.[1] Accordingly, defendant's motion to suppress statements must likewise be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence and Statements should be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 3/8/07

---

[1] It should be noted that defendant does not dispute the government's assertion that he was properly Mirandized before any statement was made.